UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MALIBU MEDIA, LLC, | Case No.: 16-cv-1913 BEN (JLB) |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** |
| v. | |
| JOHN DOE subscriber assigned IP address 76.167.92.151, | |
| Defendant. | **[ECF No. 4]** |

Presently before the Court is Plaintiff's *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 4.) No opposition was filed, as no defendant has been named or served. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## I.  BACKGROUND

Plaintiff operates a subscription-based website, X-art.com, where it displays its copyrighted materials. (ECF No. 4-1 at 7.) Plaintiff asserts that the person or entity assigned Internet Protocol ("IP") address 76.167.92.151 has "habitually" infringed Plaintiff's copyrighted works on the X-art.com website through his, her, or its use of the online BitTorrent file distribution network. (*Id.*)

On July 28, 2016, Plaintiff filed a Complaint against Defendant "JOHN DOE subscriber assigned IP address 76.167.92.151." (ECF No. 1.) The Complaint alleges copyright infringement against Defendant and asserts that Plaintiff is the registered copyright holder of 27 works allegedly infringed by Defendant. (*Id.* at 5–7; ECF No. 1-3.) Plaintiff asserts Defendant used the BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted works without Plaintiff's consent. (ECF No. 1 at 5.)

Because Defendant used the Internet to commit the alleged copyright infringement, Plaintiff knows Defendant only by his, her, or its IP address, which was assigned to Defendant by his, her, or its Internet Service Provider ("ISP"), Time Warner Cable. (ECF No. 4-1 at 7.) Plaintiff asserts ISPs "maintain internal logs that record the date, time, and customer identity for each IP address assignment made by that ISP" and thus Time Warner Cable can use the above-stated IP address to identify Defendant. (*Id.*) Accordingly, Plaintiff seeks leave of Court to serve on Time Warner Cable a Rule 45 subpoena to obtain Defendant's "true name and address" so that Plaintiff may serve Defendant and prosecute the claims raised in its Complaint. (*Id.*)

## II.  LEGAL STANDARDS

**A.    Early Discovery**

Discovery is generally not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) unless authorized by court order.  Fed R. Civ. P. 26(d)(1).  "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002).  "A district court's decision to grant discovery to determine jurisdictional facts is a matter of

1  discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify Doe defendants. *See Columbia Ins. Co.*, 185 F.R.D. at 578–80. "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further, the plaintiff "should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580 (citing *Gillespie*, 629 F.2d at 642).

**B.   The Cable Privacy Act**

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information about subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). However, a cable operator may disclose a subscriber's personally identifiable information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

### III.  DISCUSSION

**A.     Early Discovery**

Plaintiff seeks an order allowing it to serve a Rule 45 subpoena on Time Warner Cable before the parties conduct a Rule 26(f) conference in this case so that Plaintiff may obtain the true name and address of Defendant.  (ECF No. 4-1 at 7.)  For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### 1.     Identification of Missing Party with Sufficient Specificity

For the Court to grant Plaintiff's motion, Plaintiff must first identify Defendant with enough specificity to enable the Court to determine Defendant is a real person or entity who would be subject to the jurisdiction of this Court.  *See Columbia Ins. Co.*, 185 F.R.D. at 578.  This court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin."  *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12cv00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing *Openmind Solutions, Inc. v. Does 1–39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *5–6 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1–46*, No. C-11-02263 HRL, 2011 WL 2470986, at *6–7 (N.D. Cal. June 21, 2011)).

In cases where it is unclear whether the subject IP address is "dynamic" or "static," such as here, it matters when Plaintiff's geolocation efforts were performed.[1]  In the context of dynamic IP addresses, "a person using [a particular IP] address one month may not have been the same person using it the next."  *State v. Shields*, No. CR06352303, 2007 WL 1828875, at *6 (Conn. Sup. Ct. June 7, 2007).  It is most likely that the user of IP address

---

[1] Static IP addresses are addresses which remain set for a specific user.  Dynamic IP addresses are randomly assigned to internet users and change frequently.  Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time."  *Call of the Wild Movie, LLC v. Does*, 770 F. Supp. 2d 332, 356 (D.D.C. 2011) (citing *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 160 (D. Mass. 2008)).

76.167.92.151 is a residential user and that the IP address assigned by Cox Communications is dynamic.[2]  Thus, if Plaintiff's geolocation efforts were performed in the temporal proximity to the offending downloads, they may be probative of the physical location of the subject IP subscriber.  If not, the geolocation of the subject IP address may potentially be irrelevant.

Here, the Court concludes that Plaintiff's Motion sufficiently demonstrates that Defendant is likely subject to the Court's jurisdiction.  First, the declaration of Attorney Henrik Mosesi filed in support of Plaintiff's Motion states that Plaintiff's forensic investigator, IPP International UG, "utilizes technology which ensures that Defendant's IP address is correctly recorded at the exact time of infringement and is always accurate." (ECF No. 4-6 at ¶ 6.)  Second, Attorney Mosesi's declaration states that Plaintiff "referenced Defendant's IP Address against Maxmind Premium's IP geolocation database," which "is about 95% accurate in the U.S.," to determine "both the ISP of the Defendant and that . . . Defendant was using an IP Address assigned to a location city inside this District." (*Id.* at ¶¶ 7–10.)  Third, Attorney Mosesi's declaration states that Plaintiff traced Defendant's IP address to a physical location in this District "approximately three weeks before filing this action." (*Id.* at ¶ 12.)  As the last infringing act is alleged to have occurred on June 4, 2016 (ECF No. 4-1 at 10), and Plaintiff's Complaint was filed on July 28, 2016 (ECF No. 1), Plaintiff's effort to geolocate IP address 76.167.92.151 occurred within weeks of the last allegedly infringing act.  Thus, even if Defendant's IP address is dynamic, the Court finds that based on the timing of Plaintiff's IP tracing efforts and the documented success of Plaintiff's investigator and the Maxmind geolocation service, Plaintiff has met its evidentiary burden of showing that Defendant's IP address likely resolves to a physical address located in this District.

---

[2] "Most consumer IP addresses are 'dynamic' as opposed to 'static.'" *Call of the Wild Movie*, 770 F. Supp. 2d at 356.

## 2.  Previous Attempts To Locate Defendant

For the Court to grant Plaintiff's Motion, Plaintiff must next identify all of the steps it took to locate Defendant to ensure the Court it made a good faith effort to identify and serve process on Defendant.  *See Columbia Ins. Co.*, 185 F.R.D. at 579.  The Court concludes that Plaintiff has met this burden.  First, Plaintiff retained a private Internet forensic investigator, IPP International UG, to monitor the BitTorrent file distribution network for the presence of Plaintiff's copyrighted works and to identify the IP addresses of devices that are found distributing Plaintiff's copyrighted works.  (ECF No. 4-4.)  Second, Plaintiff "diligently attempted," albeit unsuccessfully, "to correlate Defendant's IP address to Defendant by searching for Defendant's IP address on various web search tools" and "has further conducted its own diligent research on its ability to identify Defendant by other means by reviewing numerous sources of authority . . . (*e.g.*, legislative reports, agency websites, informational technology guides, governing case law, etc.)."  (ECF No. 4-1 at 21.)  Third, the declaration of Patrick Paige, a former detective in the Computer Crimes Unit of the Palm Beach County, Florida, Sherriff's Office and founder of Computer Forensics, LLC, states that "during the initial phase of Internet based investigations, the offender is only known . . . by an IP address" and "[t]he only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider."  (ECF No. 4-3 at ¶¶ 13–14.)  Based on the above, the Court is satisfied that Plaintiff has made a good faith effort to locate Defendant and that Plaintiff cannot, on its own, locate Defendant with any greater specificity than it already has.  Accordingly, the Court finds Plaintiff has sufficiently satisfied the second prong of the Ninth Circuit's "good cause" test.

## 3.  Whether Plaintiff's Suit Can Withstand a Motion to Dismiss

For the Court to grant Plaintiff's Motion, Plaintiff must next show that its suit against Defendant could withstand a motion to dismiss.  *Columbia Ins. Co.*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642).  The Court finds Plaintiff has met this burden.

Plaintiff's Complaint alleges a single cause of action against Defendant: direct copyright infringement. (ECF No. 1 at 5–7.) To prove a claim of direct copyright infringement, a plaintiff "must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)). Here, Plaintiff purports to be the exclusive owner of the 27 copyrighted works at issue. (*Id.* at ¶ 31; ECF No. 1-3.) In addition, Plaintiff alleges that "[b]y using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by" Plaintiff's copyrights and "Plaintiff did not authorize, permit or consent to Defendant's distribution of its works." (ECF No. 1 at ¶¶ 32–33.) Accordingly, the Court finds Plaintiff has alleged the *prima facie* elements of direct copyright infringement and its suit against Defendant would likely withstand a motion to dismiss.

### 4. Specific Discovery Request

Finally, for the Court to grant Plaintiff's Motion, Plaintiff "should file a request for discovery with the Court." *Columbia Ins. Co.*, 185 F.R.D. at 580 (citing *Gillespie*, 629 F.2d at 642). Although Plaintiff did not provide the Court with a proposed subpoena, Plaintiff has provided the Court with sufficient information regarding its requested discovery by stating in its Motion that it will seek from Time Warner Cable only the name and address of the subscriber of IP address 76.167.92.151.

## B. The Cable Privacy Act

Time Warner Cable is a "cable operator" within the meaning of the Cable Privacy Act, and therefore the Court must consider the requirements of the Act in granting Plaintiff's Motion. The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber, but cable operators may disclose personally identifiable information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(1)–(2).

## IV. CONCLUSION

For the reasons set forth above, the Court finds good cause exists to allow Plaintiff to serve a Rule 45 subpoena upon Time Warner Cable at this time. Accordingly, Plaintiff's Motion is **GRANTED** as follows:

1. Plaintiff may serve on Time Warner Cable a subpoena, pursuant to and compliant with the procedures of Federal Rule of Civil Procedure 45, seeking only the **name and address** of the subscriber assigned IP address 76.167.92.151 for the relevant time period. Plaintiff shall not seek from Time Warner Cable any other personally identifiable information about the subscriber;

2. Plaintiff's subpoena to Time Warner Cable must provide a minimum of 45 calendar days' notice before any production responsive to the subpoena shall be made to Plaintiff;

3. At the time Plaintiff serves its subpoena on Time Warner Cable, Plaintiff shall also serve on Time Warner Cable a copy of this Order;

4. Within 14 calendar days after service of the subpoena, Time Warner Cable shall notify the subscriber assigned IP address 76.167.92.151 that his, her, or its identity has been subpoenaed by Plaintiff **and** shall provide the subscriber a copy of this Order with the required notice;

5. The subscriber whose identity has been subpoenaed shall have 30 calendar days from the date of such notice to challenge Time Warner Cable's disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena;

6. If Time Warner Cable seeks to modify or quash the subpoena, it shall do so as provided by Federal Rule of Civil Procedure 45(d)(3); and

///
///
///
///

7. In the event a motion to quash, modify, or otherwise challenge the subpoena is properly brought before the Court, Time Warner Cable shall preserve the information sought by the subpoena pending the resolution of any such motion.

**IT IS SO ORDERED.**

Dated: November 8, 2016

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge